# WALTER K. FLETCHER

## v.

# JOSÉ HERNANDEZ.

---

San Juan, Law, No. 931.

### LIABILITY OF AUTOMOBILE OWNER.

General Demurrer.

1. A general demurrer will not be sustained under Porto Rico Code of Civil Procedure, § 106.

---

NOTE.—As to making prima facie case of responsibility for negligence of

Fletcher v. Hernandez.

Pleading—Presence of Automobile Owner.

2. Under § 1803 of the Civil Code of Porto Rico a person is responsible for his negligence; and the negligence of a chauffeur or other employee acting under the control and in the presence of the employer is the negligence of the employer himself.

Opinion filed June 30, 1913.

―――――――

*Messrs. N. B. K. Pettingill* and *E. B. Wilcox* for plaintiff.

*Messrs. Frank Antonsanti* and *Manuel Benitez Flores* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a suit for damages alleged to be due to defendant's automobile striking the plaintiff while removing from a truck a bicycle which belonged to plaintiff. The allegation is that the automobile "owned by the defendant, who was then and there present in control thereof, . . . was carelessly, negligently, and recklessly permitted by said defendant, without warning to the plaintiff, to run upon and against the rear of said truck with such force that plaintiff was caught between the rear of said struck and the front of said automobile, and thereby crushed."

driver of automobile by proof of defendant's ownership of car or employment of driver, see note in 46 L.R.A.(N.S.) 1091. And upon the validity of a statute making owner liable for injuries by automobile being used by another, see note in 45 L.R.A.(N.S.) 699.

Fletcher v. Hernandez.

Defendant files a demurrer, alleging merely that the "complaint as filed does not set forth facts sufficient to constitute a cause of action."

1. As held in several other cases, this demurrer is too general in form to acquaint the opposite party or the court with what defect exists in the complaint. The wording of the statute (Code of Civil Procedure, § 106) does not permit of such general demurrers, although they are not unusual. The demurrer cannot be sustained on this account.

2. On argument it developed that the defect intended to be raised is that it is not sufficiently alleged that the defendant committed the injury complained of. It is argued that under the decision of the supreme court of Porto Rico in the case of Vélez v. Llavina, 18 P. R. R. 634, an automobile owner is not responsible for injuries caused by his chauffeur, and that it does not sufficiently appear that the injury in this case was caused by the owner, and not by his chauffeur.

The point is not well taken. The allegation of the complaint is that the defendant "was then and there present in control" of the automobile, and that the injury "was negligently permitted by the defendant." It is obvious that a person injured under the circumstances alleged, by a strange automobile, could not be expected to know all the details of the management of the automobile in question, and it is sufficient if the complaint alleges that the owner was present in control. Sec. 1803 of the Civil Code of Porto Rico is practically the Civil Code of Spain re-enacted; and that, as well as every other body of civilized laws, holds a person responsible for his negligence. The negligence of any employee, whether he be chauffeur or otherwise,

Fletcher v. Hernandez.

acting under the control of his employer, is that of the employer himself. It might be that the employee is also personally responsible, but it is certainly true that the employer is personally responsible for all damages under those circumstances.

The interesting case of Vélez v. Llavina does not state whether the owner was present or not. The record in that case shows he was not present. The case is decided by a divided court, but, conceding it to be the settled law of Porto Rico, it does not militate against the views herein expressed. · It decides that § 1804 is limited to certain kinds of imputed responsibility; that there is no imputed responsibility beyond those enumerated in that section; and that the owner of an automobile operated for business is not one of the principals who is made responsible in that section. However that may be, it does not apply to the case at bar. This is not a case of an automobile operated for business purposes, but by the defendant himself. He was personally present and in control, and, in the eye of the law, whatever was done is to be held as done by himself. The chauffeur under such circumstances is but the hand of the owner. For legal purposes he might be said to be a part of the machinery, for whose operation the owner is liable in every respect.

It follows, therefore, that, even going into the unexpressed grounds of the demurrer, it should be overruled, and it is so ordered.